UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **BRUCE PARTIN** | * | **CIVIL ACTION NO. 2:11-CV-1999** |
| | * | |
| **VS.** | * | **JUDGE TRIMBLE** |
| | * | |
| **THE KANSAS CITY SOUTHERN RAILWAY COMPANY** | * | **MAGISTRATE JUDGE KAY** |

**MEMORANDUM ORDER**

Before the court is the motion to remand filed by Intervener Liberty Mutual Insurance Company. Doc. 24. For the reasons discussed herein, the motion is DENIED.

*Background*

The suit arises out of an incident at the Pittsburgh Paint and Glass (PPG) industrial plant in Calcasieu Parish, Louisiana on May 11, 2009. Plaintiff Bruce Partin alleges he sustained injuries while riding a train owned by the defendant, The Kansas City Southern Railway Company (KCSR). Mr. Partin was aboard the train serving as a security guard while the train was passing through the PPG plant. He contends that his injuries are the result of the railway's negligent operation of its trains while he was on board. Doc. 1, Att. 2.

Mr. Partin filed suit in Louisiana state court on May 12, 2010, naming KCSR as the sole defendant therein. KCSR was served with process on October 19, 2011, and thereafter removed the case to this court on November 17, 2011, on the basis of diversity of citizenship. Doc. 1.

Liberty Mutual Insurance Company (LMIC) filed a motion to intervene in this proceeding on July 17, 2012. It seeks to recover from the defendant any worker's compensation payments made to Mr. Partin on behalf of his employer. Doc. 19. The motion to intervene was subsequently granted. Doc. 25.

LMIC filed the instant motion to remand on August 17, 2012 claiming this court lacks subject matter jurisdiction for two reasons. LMIC alleges that defendants failed to include its state court petition of intervention when removing the case. LMIC further alleges that suits arising under state worker's compensation laws are not removable from state court. Doc. 24.

KCSR raises three arguments in response. First they assert that the motion to remand is untimely; second they reject the claim that they failed to include LCMI's claims when the case was removed; and third they argue that that the case is not one "arising under" Louisiana's workers compensation laws. Doc. 29.

*Law and Analysis*

Any civil action brought in a State court of which the district courts have original jurisdiction may be removed to the proper district court. 28 U.S.C. § 1441(a). As noted above LMIC raises two arguments in support of remand. Each is addressed in turn.

1. **Petition for Intervention:**

LMIC argues that KCSR failed to include LMIC's petition of intervention when removing the case. Presumably this alleged failure would mandate remand on the basis that Section 1441(a) permits the removal of "any civil action brought in State court . . . ." 28 U.S.C. § 1441.[1] That provision does not authorize partial or limited removals; all parties and all causes of action must be included.

LMIC maintains that it intervened in the state court proceeding prior to the time it was removed to this court and therefore should have been included in the removal.[2] KCSR objects

---

[1] The intervener does not make this argument, but this appears to be the only possible reason that would favor remand.

[2] The timing of intervention could potentially affect the applicability of 28 U.S.C. § 1445(c) discussed in Section 2, *infra*. If LMIC did not intervene in the state court proceeding prior to removal, then the case involves a lone plaintiff asserting a negligence cause of action against the defendant, and as such, the case has no connection to workers compensation. However, if LMIC did intervene in the state court proceeding prior to removal, then the case

and rightly points out that LMIC did not *intervene*, rather, LMIC sought *leave of court to intervene* in that proceeding.  The motion for leave was fax-filed with the 14th Judicial District Court of Louisiana at 10:35 a.m. on November 17, 2011.  KCSR removed the suit later that same day at 1:54 p.m.

There is no evidence that the state court judge actually granted LMCI leave of court within that 3 hours span before the suit was removed.  KCSR indicates that leave of court was granted on November 28, 2011, eleven days after the case was removed.[3]  Doc. 29, Att. 1.  However, the state court lacked the jurisdiction to grant leave at that point.  The notice of removal indicates that the state court was informed that the case had been removed to federal court.  Doc. 1, Att. 8.  Such notice divested the state court of jurisdiction.  28 U.S.C. § 1446(d).

This claim does not entitle LMIC to relief insofar as the court concludes that LMIC was not a party to the litigation at the time the case was removed.

2. **Worker's Compensation Bar:**

LMIC objects that removal was improper under the terms of 28 U.S.C. § 1445(c), which provides that "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States."  This provision does not entitle LMIC to remand.  The court concludes that the objection is untimely, and even if the objection was timely, Mr. Partin's cause of action does not "arise under" a state workers compensation scheme.

---

also consists of the additional cause of action by the intervener against the defendant, assuming that the intervener is aligned as a plaintiff in the suit.  This additional cause of action could arguably trigger the Section 1445(c) bar on removal to the extent that the LMIC seeks recompense for benefits previously paid pursuant to Louisiana's workers compensation scheme.

[3] Nothing in this record indicates exactly when the state court judge granted leave to intervene; however, LMIC does not dispute the claim in its reply brief, and therefore, we accept that fact as given.

Defendants must comply with a number of procedural requirements in order to properly removal a case to federal court. *See* 28 U.S.C. § 1446. The Fifth Circuit has held that a "procedural defect" is "any defect that does not go to the question of whether the case originally could have been brought in federal district court." *In re Allstate Co.*, 8 F.3d 219, 221 (5th Cir. 1993) (quoting *Baris v. Sulpicio Lines*, 932 F.2d 1540, 1540 (5th Cir. 1991); *see also In re Shell Oil Co.*, 932 F.2d 1518, 1522 (5th Cir. 1991). A non-removing party may object to any procedural defects within thirty days of the defective removal. 28 U.S.C. § 1447(c).

The Fifth Circuit has held that removal in contravention of Section 1445(c) is a procedural, rather than jurisdictional, defect. Thus, an objection to removal as improper because the case arises under a state worker's compensation scheme is waived if not raised within 30 days after removal is perfected. *Williams v. AC Spark Plugs Div. of Gen. Motors Corp.*, 985 F.2d 783, 777-78 (5th Cir. 1993).

The notice of removal in this case was filed on November 7, 2011. The instant motion to remand was filed on August 17, 2012. All non-jurisdictional objections were required to be lodged within 30 days of that date else they were waived. LMIC plainly did not act within the 30 day deadline.

Even if LMIC had timely objected, Section 1445(c) would not divest this court of jurisdiction because plaintiff's case does not "arise under" Louisiana's workers compensation laws.

The phrase "arising under" is to be interpreted in the same manner as it is with respect to 28 U.S.C. § 1331, the federal question statute. *Jones v. Roadway Exp., Inc.*, 931 F.2d 1086, 1092 (5th Cir. 1991). A civil action does not arise under a state worker's compensation statute merely because it may be connected with workers compensation in some way. *Cox v.*

*International Union of Operating Engineers,* 672 F.2d 421, 422 (5th Cir.1982).  "A suit arises under the law that creates the cause of action." *Am. Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916).  Moreover, an issue of state worker's compensation "must be an element, and an essential one, of the cause of action." *Superior Oil Co. v. Pioneer Corp.,* 706 F.2d 603, 605 (5th Cir.1983).  In any event, the focus is on the plaintiff's well-pleaded complaint rather than anticipated defenses.  *Id.*

Plaintiff, Bruce Partin, named Kansas City Southern, Inc. as defendant in this lawsuit. The suit seeks damages as a result of the defendant's alleged negligence in operating its trains while passing through the PPG plant.  Doc. 1, Att. 2.  These allegations unquestionably sound in negligence.  *See* La. Civ. Code. art. 2315.  The plaintiff could secure a judgment against the defendant without reference to the Louisiana's workers compensation statutes.

The court notes that an employee that has been previously compensated by his employer for injuries sustained in the course and scope of employment may also secure damages from liable third parties that do not enjoy statutory immunity.  La. Rev. Stat. Ann. § 23:1101(A). However, this statute does not create plaintiff's cause of action.  It merely preserves and codifies those causes of action that are not otherwise barred.  *Stelly v. Overhead Door Co. of Baton Rouge*, 646 So. 2d 905, 912-13 (La. 1994).  The plaintiff's cause of action must find a basis in law outside of this statutory framework.

This claim does not entitle LMIC to relief insofar as the court concludes this challenge was untimely and plaintiff's cause of action does not "arise under" the workers compensation laws of Louisiana.

*Conclusion*

LMIC was not a party to the state court action at the time the case was removed to this court. Moreover, LMIC's objection pursuant to 28 U.S.C. § 1445(c) is untimely. Even if the challenge was timely, this case does not "arise under" a state workers compensation scheme. Accordingly, the motion to remand by Intervener LMIC is DENIED.

THUS DONE AND SIGNED in Chambers this 16th day of October, 2012.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE