RECEIVED
IN ALEXANDRIA, LA.
NOV – 6 2012
TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| BRUCE PARTIN | : | DOCKET NO. 2:11-01999 |
| VS. | : | JUDGE TRIMBLE |
| THE KANSAS CITY SOUTHERN RAILWAYS COMPANY | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the court is "The Kansas City Southern Railways Company's Motion for Summary Judgment" (R. #15) wherein the mover seeks to dismiss the instant lawsuit because it is prescribed.

## STATEMENT OF FACTS

On May 11, 2009, plaintiff, Bruce Partin, was injured while riding a Kansas City Southern Railways Company ("KCSR") train. At the time of the incident, Mr. Partin was working as a security guard for Weiser Security Services, Inc.("Weiser") at the PPG plant which required that he ride on the train as part of his job duties. There is no dispute that the alleged injury occurred on May 11, 2009. Mr. Partin filed a claim against Weiser for worker's compensation on July 20, 2009 and then filed the instant lawsuit in the Fourteenth Judicial District Court against KCSR on May 12, 2010.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, when viewed in the light most favorable to the non-moving party, indicate that there is no genuine issue as to any material fact and that the

moving party is entitled to judgment as a matter of law."[1] A fact is "material" if its existence or nonexistence "might affect the outcome of the suit under governing law."[2] A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.[3] As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim."[4] Once the movant makes this showing, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial.[5] The burden requires more than mere allegations or denials of the adverse party's pleadings. The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law.[6] There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party.[7] If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."[8]

---

[1] Fed. R.Civ. P. 56(c).

[2] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

[3] Stewart v. Murphy, 174 F.3d 530, 533 (5th Cir. 1999).

[4] Vera v. Tue, 73 F.3d 604, 607 (5th Cir. 1996).

[5] Anderson, 477 U.S. at 249.

[6] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

[7] Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

[8] Anderson, 477 U.S. at 249-50.

## LAW AND ANALYSIS

KCSR maintains that the instant tort suit is prescribed. The injury occurred on May 11, 2009 and the suit was filed on May 12, 2010. Plaintiff maintains that because he filed a worker's compensation claim against his employer, Weiser, a solidary obligor, prescription was interrupted. In other words, the plaintiff posits that the filing of the compensation claim interrupted the period to file claims against all solidary obligors, including KCSR.

Delictual actions are subject to a liberative prescriptive period of one year which begins to run from the day injury or damage is sustained.[9] Prescription is interrupted by the filing of suit in a court of competent jurisdiction.[10] The interruption of prescription against one solidary obligor is effective against all solidary obligors.[11] Because plaintiff's petition reveals that prescription has run, he has the burden to demonstrate why his claim has not prescribed.[12] The Louisiana Supreme Court has held that for purposes of prescription, parties "are liable to the extent that they share coextensive liability to repair certain elements of the same damage."[13]

KCSR maintains that it and Weiser are not solidary obligors because Weiser is not liable for

---

[9] La.C.C. art. 3492.

[10] La.C.C. art. 3462.

[11] La.C.C. art. 1799.

[12] <u>Denoux v. Vessel Management Svcs., Inc.</u> 983 So.2d 88 (La.5/21/08).

[13] <u>Williams v. Sewerage & Water Bd. of New Orleans,</u> 611 So.2d 1383 (La.1993); La. Civ. Code art. 1797; see also La. Civ. Code art. 1797, cmt. (a) "This Article is new. It restates a principle developed by the Louisiana jurisprudence." Therefore, whether the source of the obligation was voluntary or not, the fact that an obligation existed to provide workers' compensation benefits meant that for purposes of prescription, the alleged tortfeasor and the employer were solidary obligors.

the whole performance of a potential tortfeasor. As an employer, Weiser is immune from negligence claims and is only required to compensate its employee within the framework provided by Louisiana's worker's compensation statutes.[14] Hence, KCSR argues that because Weiser may not be held responsible for general damages, KCSR cannot be solidarily liable with Weiser. KCSR reasons that if KCSR and Weiser are solidary obligors, and KCSR is found liable at trial for general damages, Partin would be able to collect that judgment from his employer as well as KCSR. KCSR relies on Louisiana Civil Code article 1787 which provides that "[w]hen each of the obligors owes a separate performance to one obligee, the obligation is several for the obligors." KCSR maintains that the obligations owed by the employer and alleged tortfeasor are several, not solidary, and Partin's worker's compensation claim against Weiser has no effect on prescription as to KCSR.

In Williams, supra, the court remarked that "[i]n a worker's compensation claim where the employee does not suffer a fatal injury, some elements of compensation damages are the same as those which may be recovered as tort damages, i.e. lost wages and medical expenses."[15] Williams went on further to state that "[e]ven though workers' compensation and tort remedies have different legislative sources, that does not alter the solidary relationship between a defendant with employer status and a defendant that is an alleged tortfeasor."[16] The Williams court held that "[o]nce prescription is interrupted based on this solidarity, the plaintiffs are free to assert whatever claims

---

[14] La. R. S. 23:1032. *et seq.*

[15] See also McDaniel v. Home Depot U.S.A., Inc., 2008 WL 2080742 (E.D.La.2008)(employer and alleged tortfeasor are solidary obligors to the extent they share coextensive liability to repair certain intertwined elements of the plaintiff's alleged damage. Plaintiff's timely filing of the workers' compensation claim interrupted prescription against tortfeasor.)

[16] Williams, 611 So.2d at 1387 (citations omitted).

they have against the defendants."[17] In McDaniel v. Home Depot U.S.A., Inc.,[18] an unreported case, the federal district court, following the Louisiana Supreme Court, reasoned that "Louisiana jurisprudence instructs that when an injured employee timely files a claim against her employer for workers' compensation, prescription is interrupted with regard to the injured employee's claims against third-party tortfeasors."[19]

The court finds that KCSR is solidarily liable with Weiser and is "free to assert whatever claims they have" against the defendant.

## CONCLUSION

Based on the foregoing, the motion for summary judgment will be denied.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 5th day of November, 2012.

*James T. Trimble*
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[17] Williams, 611 So.2d at 1383.

[18] 2008 WL 2080742 (E.D. La. 2008).

[19] Citing also Segura v. Cleco Power, LLC, 900 So.2d 897, 900 (La.App. 3rd Cir. 2005), writs denied, 918 So.2d 1051.